UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            )
NILS RAFAEL PINTO, *et al.*,                )
                                            )
    Plaintiff,                              )
                                            )
    v.                                      )   Civil Action No. 12-1699 (PLF)
                                            )
DISTRICT OF COLUMBIA,                       )
                                            )
    Defendant.                              )
_____)

<u>OPINION</u>

        Plaintiffs, minor K.P.R. and his parents, bring this case under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 <u>et</u> <u>seq</u>., to challenge in part a Hearing Officer's decision denying tuition reimbursement and prospective placement of K.P.R. at the Lab School of Washington.  The matter is now before the Court on a motion by defendant District of Columbia to dismiss the complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  The District contends that plaintiffs' claims are moot and that plaintiffs have failed to exhaust their administrative remedies.  Upon consideration of the parties' arguments, the relevant legal authorities, and the entire record in this case, the Court will deny the District's motion.[1]

---

[1]     The papers reviewed in connection with the pending motion include: plaintiffs' complaint ("Compl.") [Dkt. 1]; defendant's motion to dismiss ("Def.'s Mot.") [Dkt. 3]; plaintiffs' opposition (Pls.' Opp.") [Dkt. 4]; defendant's reply ("Def.'s Reply") [Dkt. 5]; and the December 12, 2012 Report and Recommendations of the Special Master in <u>Blackman v. Dist. of Columbia</u>, Civ. Action No. 97-1629 [Dkt. 2298] ("<u>Blackman</u> R&R").

I.  BACKGROUND

Plaintiffs in this action are K.P.R., a student eligible to receive special education and related services under the IDEA, and his parents and next friends, Nils Rafael Pinto and Marta Rivera.  During the fall of 2010, K.P.R. was enrolled at Horace Mann Elementary School, a public school within the District of Columbia Public Schools ("DCPS").  Compl. ¶ 13.  Around that time, K.P.R. was diagnosed with a learning disability, a mixed receptive-expressive language disorder, inability to sustain attention, deficits in certain subject areas, and difficulties with organization, planning and motor control.  Id. ¶¶ 10, 15, 17-21.

During the 2010-2011 school year, plaintiffs met with DCPS officials on several occasions to develop an individualized education program ("IEP") for K.P.R.  Compl. ¶¶ 22-24, 28, 44.  According to plaintiffs, DCPS refused to incorporate adequate special education support and speech and language therapy into K.P.R.'s IEP.  Id. ¶¶ 26, 30-33, 45-46, 49, 52.  On January 11, 2011, K.P.R.'s parents notified DCPS that they were removing K.P.R. from Horace Mann and would be seeking reimbursement for appropriate non-public special education services.  Id. ¶ 35.  K.P.R. finished the school year at Kingbury Day School, a private school that serves learning disabled students.  Id. ¶ 36.  Before the 2011-2012 school year began, K.P.R.'s parents transferred him to the Lab School of Washington, another private educational institution providing services exclusively to learning disabled children.  Id. ¶ 53.

In April 2012, K.P.R.'s parents filed a request for an administrative due process hearing to challenge the IEP created for K.P.R.  Compl. ¶ 54.  After a four-day hearing in June and July 2012, the Hearing Officer determined that DCPS had failed to conduct appropriate evaluations of K.P.R. and, as a result, had developed an inappropriate IEP for him.  Id. ¶¶ 56, 60.  The Hearing Officer declined, however, to grant plaintiffs' request for publicly funded placement

at the Lab School or reimbursement for already-paid tuition expenses, on the basis that the Lab School was not the least restrictive environment for K.P.R. Id. ¶¶ 62, 65. The Hearing Officer instead ordered DCPS to conduct appropriate evaluations of K.P.R. and convene a meeting to revise his IEP as appropriate within 30 days of a written request by plaintiffs. Compl. ¶ 64.

On July 26, 2012, plaintiffs timely notified DCPS of their desire to have DCPS commence this process. Id. ¶ 68. By October 2012, however, DCPS had not completed the required evaluations. Id. ¶ 71. Plaintiffs brought two actions in this Court: the first seeking compliance with the Hearing Officer's order that DCPS conduct the necessary evaluations and develop an appropriate IEP; the second requesting review of the Hearing Officer's decision not to place K.P.R. at the Lab School or grant tuition reimbursement.

To remedy DCPS' noncompliance with the Hearing Officer's order, plaintiffs filed a motion for preliminary injunction in a related case, Blackman v. Dist. of Columbia, Civ. Action No. 97-1629, Dkt. No. 2289. The Court referred the preliminary injunction motion to Special Master Elise Baach. While the motion was pending, DCPS completed the required evaluations and developed a new IEP for K.P.R., which includes special education services as well as speech and language therapy. See Plaintiffs' Supplemental Memorandum, Blackman v. Dist. of Columbia, Civ. Action No. 97-1629, Dkt. No. 2293. On December 11, 2012, the Special Master issued her report agreeing with plaintiffs that DCPS had failed to timely comply with the Hearing Officer's order. Blackman R&R at 5-8. The Special Master declined to award plaintiffs their requested relief of prospective placement at the Lab School, however, explaining:

> An outright adoption of the requested relief would require DCPS to fund a placement at [the Lab School]. What makes the recommendation of this remedy particularly problematic here is that the Hearing Officer expressly rejected a request for the same relief. It is one thing to penalize DCPS for not doing what a Hearing Officer has ordered; it is entirely different to require

> DCPS to do something that a Hearing Officer expressly declined to order.
>
> Moreover, the Hearing Officer's refusal to order placement at the [Lab School], and the rationale for that refusal, is now the subject of the appeal in this Court. Unlike this request for injunctive relief, which is discretionary in nature, the plaintiffs have a statutory right under the IDEA to appeal in federal court part or all of an HOD, and they have now exercised that right. By doing so, the plaintiffs and the local education agency will both be presented with an opportunity to address the soundness of the Hearing Officer's reliance on the IDEA's mandate to educate a student in the "least restrictive environment." The combination of these two factors – the Hearing Officer's rejection of the same relief and the fact that the resolution in federal court might answer an outstanding question of substance – lead to the conclusion that a decision on placement and funding under IDEA is preferable to granting the relief sought in this forum.

Blackman R&R at 8.

The Special Master noted that DCPS' delay in conducting the necessary evaluations had forced plaintiffs to choose between continuing K.P.R.'s enrollment at the Lab School or starting him at a public school without an appropriate IEP. Blackman R&R at 8-9. Accordingly, she recommended tuition reimbursement for the period between August 28, 2012 through February 15, 2013. Id. at 9-10. Neither party filed objections, and the Court therefore adopted and approved the Report and Recommendations. See Blackman v. Dist. of Columbia, Civ. Action No. 97-1629, Dkt. No. 2305 (Jan. 9, 2013).

Plaintiffs brought the instant action to challenge the Hearing Officer's decision denying placement at the Lab School and reimbursement for already paid tuition and fees. Plaintiffs assert four claims against the District: (1) failure to provide a free, appropriate public education, in violation of the IDEA and District of Columbia law; (2) failure to place and fund K.P.R. in an appropriate program and placement, in violation of the IDEA and District of Columbia law; (3) failure by the Hearing Officer to properly evaluate the relevant facts and

4

apply the relevant legal standards, in violation of plaintiffs' due process rights under the IDEA and District of Columbia law; and (4) failure by the Hearing Officer to award the requested remedy, including reimbursement for tuition expenses and costs. Compl. ¶¶ 78-87. Plaintiffs request declaratory, injunctive, and monetary relief, including reimbursement for tuition expenses and costs incurred in enrolling K.P.R. at the Lab School for most of the 2011-2012 school year, as well as prospective placement of K.P.R. at that institution. Id. at 13.

The District argues that plaintiffs' claims were mooted when plaintiffs requested that DCPS complete the necessary evaluations and develop a new IEP for K.P.R pursuant to the Hearing Officer's order. Def.'s Mot. at 4. The District also contends that plaintiffs are barred from bringing this action for failure to exhaust their administrative remedies. Id.

## II.  LEGAL FRAMEWORK

### A.  Motion to Dismiss under Rule 12(b)(1)

Federal courts are courts of limited jurisdiction, with the ability to hear only cases entrusted to them by a grant of power contained either in the Constitution or in an act of Congress. See, e.g., Beethoven.com LLC v. Librarian of Congress, 394 F.3d 939, 945 (D.C. Cir. 2005); Tabman v. FBI, 718 F. Supp. 2d 98, 100 (D.D.C. 2010). On a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the plaintiff bears the burden of establishing that the Court has jurisdiction. See Tabman v. FBI, 718 F. Supp. 2d at 1001; Brady Campaign to Prevent Gun Violence v. Ashcroft, 339 F. Supp. 2d 68, 72 (D.D.C. 2004). In determining whether to grant such a motion, the Court must construe the complaint in the plaintiff's favor and treat all well-pled allegations of fact as true. See Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1253-54 (D.C. Cir. 2005). But the Court need not accept unsupported inferences or legal conclusions cast as factual allegations. See Primax

Recoveries, Inc. v. Lee, 260 F. Supp. 2d 43, 47 (D.D.C. 2003). Under Rule 12(b)(1), the Court may dispose of the motion on the basis of the complaint alone or it may consider materials beyond the pleadings "as it deems appropriate to resolve the question whether it has jurisdiction to hear the case." Scolaro v. D.C. Board of Elections and Ethics, 104 F. Supp. 2d 18, 22 (D.D.C. 2000); see also Coalition for Underground Expansion v. Mineta, 333 F.3d 193, 198 (D.C. Cir. 2003).

### B. Appeals of IDEA Hearing Officer Determinations

The Individuals with Disabilities Education Act requires all states and the District of Columbia to provide resident children with disabilities a "free appropriate public education" ("FAPE"). 20 U.S.C. § 1412(a)(1). A FAPE consists of "special education and related services" that, among other things, "include an appropriate . . . education" and "are provided in conformity with the individualized education program required" by the statute. 20 U.S.C. § 1401(9)(C)-(D). The IEP must set forth in writing the impact of the child's disabilities, the annual "academic and functional" goals for the child, and the forms of individualized education and support that will be provided. See 20 U.S.C. § 1414(d)(1)(A). An IEP must be "reasonably calculated to enable the child to receive educational benefits" in order to adequately confer a FAPE upon a given child. Bd. of Educ. v. Rowley, 458 U.S. 176, 207 (1982). Because the IEP must be "tailored to the unique needs" of each child, id. at 181, it must be revised regularly in response to new information regarding the child's performance, behavior, and disabilities. See 20 U.S.C. § 1414(d)(4).

In implementing the IEP, the IEP team selects the school where the child is to be placed. 20 U.S.C. § 1414(e); 34 C.F.R. § 300.116 (2012). In determining this placement, preference is given to the "least restrictive environment" and the appropriate schools closest to

the child's home.  20 U.S.C. § 1412(a)(5); 34 C.F.R. §§ 300.114-300.120.  If a public school cannot provide the services that the child needs, DCPS must place the child at an appropriate private school and pay the child's tuition.  Reid ex rel. Reid v. Dist. of Columbia, 401 F.3d 516, 519 (D.C. Cir. 2005) (citing Jenkins v. Squillacote, 935 F.2d 303, 305 (D.C. Cir. 1991)); Friendship Edison Pub. Charter Sch. Chamberlain Campus v. Suggs, Civ. Action No. 06-1284, slip op. at 7 (D.D.C. Apr. 21, 2008) (Report & Recommendation), *adopted in full*, 562 F. Supp. 2d 141, 147 (D.D.C. 2008); Petties v. Dist. of Columbia, 881 F. Supp. 63, 65 (D.D.C. 1995); see also 34 C.F.R. § 300.146.

If a parent disagrees with the content of the IEP, including a proposed placement, he or she may request an administrative due process hearing before an impartial hearing officer.  20 U.S.C. § 1415(f)(1).  Any party aggrieved by the findings and decision rendered during this hearing may bring a civil action in state or federal court challenging the decision.  20 U.S.C. § 1415(i)(2).  The reviewing court "(i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and, (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate."  20 U.S.C. § 1415(i)(2)(C).

### III.  DISCUSSION

*A.  Mootness*

Federal courts have jurisdiction only over "real and substantial controvers[ies] admitting of specific relief through a decree of a conclusive character."  Pharmachemie B.V. v. Barr Labs., Inc., 276 F.3d 627, 631 (D.C. Cir. 2002) (quoting Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990)).  A federal court therefore must dismiss a claim as moot "when the court's decision 'will neither presently affect the parties' rights nor have a more-than-speculative chance

of affecting them in the future.'" Kifafi v. Hilton Hotels Retirement Plan, 701 F.3d 718, 724 (D.C. Cir. 2012) (quoting Am. Bar Ass'n v. F.T.C., 636 F.3d 641, 645 (D.C. Cir. 2011)).

The District asserts that plaintiffs' claims were mooted when plaintiffs sought DCPS's compliance with the Hearing Officer's order and requested a free, appropriate public education. See Def.'s Mot. at 8. In the District's view, "[p]laintiffs cannot comply with the order and seek DCPS' compliance with the order and yet [simultaneously] argue that there is a genuine ongoing controversy as to the correctness of the order." Id.

The Court disagrees. There were two parts to the Hearing Officer's decision. Although the District has remedied its failure to evaluate and design an IEP for K.P.R., as directed by the Hearing Officer, these actions do not resolve plaintiffs' other claim: that a FAPE for K.P.R. requires placement at the Lab School. Nor do the District's actions address plaintiffs' request for reimbursement for past educational expenses at the Lab School. The Special Master dealt only with the District's failure to comply with the first part of the Hearing Officer's decision in a timely fashion, and she noted that plaintiffs were separately appealing the Hearing Officer's decision not to place K.P.R. at the Lab School at the District's expense. See Blackman R&R at 4. The Special Master further noted that under the IDEA, a plaintiff may accept part of a Hearing Officer's decision and appeal another part of the same decision. Id. at 8. She is correct. Under the IDEA, "[w]here a school district has provided a [family] with some forms of relief, but not with all of the specific relief requested . . . [its] claims are not moot." Suggs v. Dist. of Columbia, 679 F. Supp. 2d 43, 54 (D.D.C. 2010) (citing Lesesne v. Dist. of Columbia, 447 F.3d 828, 833 (D.C. Cir. 2006)); see also Theodore v. Dist. of Columbia, 655 F. Supp. 2d 136, 144 (D.D.C. 2009) (declining to dismiss as moot unresolved claims, though the District had provided partial relief to plaintiffs).

This Court, when it addresses plaintiffs' claims on the merits, ultimately may conclude that the Hearing Officer was correct in determining that placement at the Lab School was unnecessary. If, however, the Court finds that the Hearing Officer's decision was in error, the Court may grant plaintiffs' request for reimbursement or prospective placement at the Lab School, or both. As the Court's decision on this matter likely will "affect the parties' rights" and "have a more-than-speculative chance of affecting them in the future," Kifafi v. Hilton Hotels Retirement Plan, 701 F.3d at 724, plaintiffs' claims are not moot.

### B. Exhaustion of Administrative Remedies

The District next contends that (a) by not requesting an administrative due process hearing regarding the IEP newly revised in October 2012, and (b) by failing to file an administrative due process complaint relating to the 2012-2013 school year, plaintiffs have failed to exhaust their administrative remedies. Def.'s Mot. at 8. The District argues that "[t]o permit Plaintiffs to contend – as they do in this action – that the student's current educational program is inappropriate would circumvent these statutory requirements." Id. at 10.

Defendants correctly note that plaintiffs cannot bring this suit under the IDEA if they did not seek relief through the appropriate administrative channels. "[A]bsent a showing that exhaustion would be futile or inadequate, a party must pursue all administrative avenues of redress under the [IDEA] before seeking judicial review under the Act." Douglass v. Dist. of Columbia, 605 F. Supp. 2d 156, 165 (D.D.C. 2009) (quoting Cox v. Jenkins, 878 F.2d 414, 419 (D.C. Cir. 1989)). Thus, a court "cannot address an issue that was not first presented to the hearing officer." Roark ex. Rel. Roark v. Dist. of Columbia, 460 F. Supp. 2d 32, 43 (D.D.C. 2006) (internal citations omitted).

9

The problem with the District's argument is that the issues presented in this action – whether plaintiffs are entitled to reimbursement for tuition expenses and costs and prospective placement at the Lab School – were in fact presented to the Hearing Officer in the first instance. <u>See</u> Compl. ¶ 62.  Defendants have cited no authority in support of their contention that parents must recommence the administrative appeal process after every revision to a child's IEP.  Nor have they pointed to any statute or regulation requiring plaintiffs to renew or refile their administrative complaint every school year.  In the absence of some legal authority suggesting that plaintiffs were required to refile an administrative complaint, the Court finds that the plaintiffs have exhausted their administrative remedies with respect to the claims presented.

## IV.  CONCLUSION

In light of the foregoing, the Court concludes that plaintiffs' claims are not moot and that plaintiffs properly exhausted their administrative remedies.  Accordingly, the Court will deny the District's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.  An Order consistent with this Opinion will issue this same day.

/s/_____
PAUL L. FRIEDMAN
DATE:  April 10, 2013                    United States District Judge